

Investor Loa     3768

After Recording Return To:
Ocwen Loan Servicing, LLC
ATTN: Mortgage Assistance
1661 Worthington Road, Suite 100
West Palm Beach, Florida 33409

_____[Space Above This Line For Recorder's Use]_____

# INTEREST ONLY ADJUSTABLE RATE LOAN MODIFICATION AGREEMENT

This Interest Only Adjustable Rate Loan Modification Agreement ("Agreement") made this 01/01/2017 between Andre Brevil ("Borrower") and Ocwen Loan Servicing, LLC  Lender\Servicer or Agent for Lender\Servicer ("Lender"), amends and supplements that certain promissory note ("Note") dated 10/06/2005 in the original principal amount of $139,200.00 executed by Borrower. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, in the real property records of MIAMI-DADE County, FL. Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 9280 Sw 123 Ct Miami, FL 33186, which real property is more particularly described as follows:

### (Legal Description – Attach as Exhibit if Recording Agreement)

Borrower acknowledges that Lender is the legal holder and the owner, or agent\servicer for the legal holder and the owner of the Note, and Security Instrument and further acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Page 1

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):



1. Borrower acknowledges that as of the Effective Date, the amount payable under the Note and secured by the Security Instrument (the "Principal Balance") is $145,630.38. Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of the Lender the Principal Balance which consists of the amount(s) loaned to Borrower by Lender plus any accrued and unpaid amounts due under the Note or Security Instrument capitalized by Lender. Borrower also agrees to pay any unpaid interest and taxes, insurance premiums and other costs or expenses that Lender has paid to protect or enforce its interest in, or otherwise due under, the Note and the Security Instrument.

2. Interest will be charged on the new unpaid Principal Balance until the full amount of principal has been paid. Borrower will pay interest at a yearly rate of 4.00000% beginning on 01/01/2017. The interest rate Borrower will pay will change in accordance with this Agreement. The interest rate required by this Agreement is the rate Borrower will pay both before and after any default under the terms of the Note, as amended by this Agreement.

3. Borrower promises to make a payment every month. This monthly payment will consist of interest only payments of $485.43 starting on 02/01/2017 and ending on 01/01/2022 (the 'Interest Only Payment Period'). Thereafter Borrower will begin making payments consisting of principal and interest for the remaining term of the loan. The date of the borrower's first payment consisting of both principal and interest shall be 02/01/2022. Borrower will make these payments every month until all of the principal and interest and any other charges that Borrower may owe under this Agreement have been repaid. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest, it will be applied to interest before Principal. If on 11/01/2035 ("Maturity Date"), Borrower still owes any amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date. Borrower will make such payments at Box # 660264, 1010 W. Mockingbird Lane, Suite 100, Dallas, TX 75247 or at such other place as Lender may require.

4. The monthly payment may change based on changes in the unpaid principal of the loan and/or in the interest rate. Lender will determine the new interest rate and the change in the amount of the monthly payment in accordance with this Agreement. The interest rate may change on 01/01/2022 and on that day every 6 months thereafter. Each date on which the interest rate could change is called a "Change Date".

5. Beginning with the next Change Date, any change in the borrower's interest rate, will be based on a change in an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London Market ("LIBOR") as published in The Wall Street Journal. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index". If the Index is no longer available, the lender will choose a new index which is based upon comparable information, as provided for in the Note. Lender will give Borrower notice of this choice.

6. Before each Change Date, Lender will calculate the new interest rate by adding 3.25000% to the Current Index. Lender will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated below, this rounded amount will be the new interest rate until the next Change Date. Lender will then determine, as applicable, (i) The amount of the monthly interest only payment based on the unpaid principal balance and the new interest rate, if still within the Interest Only Payment Period, or (ii) The amount of the monthly principal and interest payment that would be sufficient to repay the unpaid principal that Borrower is expected to owe at the Change Date

Page 2

in full on the Maturity Date at the new interest rate in substantially equal payments, if after the Interest Only Payment Period. The result of this calculation will be the new amount of the monthly payment. Borrower will pay the amount of the new monthly payment beginning on the first monthly payment date after the Change Date until the amount of the monthly payment changes again. The monthly payments will be applied first to the payment of interest due and then to principal.



7. The interest rate will never be increased or decreased on any single Change Date by more than one percentage points (1 %) from the rate of interest Borrower has been paying for the preceding 6 months. The interest rate will never be greater than 12.50000%.

8. Before the effective date of any change, Lender will deliver or mail to Borrower notice of any changes in the interest rate and the amount of the monthly payment. The notice will include information required by law to be given to Borrower and also the title and telephone number of a person who will answer any questions Borrower may have. Unless applicable law requires a different method, any notice that must be given to Borrower under this Agreement will be given by delivering it or mailing it by first class mail to Borrower at the property address stated above or at a different address if Borrower gives Lender notice of Borrower's different address. Any notice that must be given to Lender under this Agreement will be given by mailing it first class mail to the Lender at the address stated in Paragraph 3 above or at a different address if Borrower is given notice of that different address.

9. If Lender has not received the full amount of any monthly payment within the grace period provided for in the original Note or as otherwise provided for by law, Borrower will pay a late payment fee to "Lender" in an amount calculated based on the late charge percentage provided for in the original Note, or as otherwise provided for by law, and the monthly payment required under this Agreement, with a maximum as provided for in the Note, or otherwise provided by law. Borrower will pay this late charge promptly, but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

10. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.



11. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without "Lender's" prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by "Lender" if such exercise is prohibited by applicable law. If Lender exercises this option, "Lender" shall give Borrower notice of acceleration and \or any other notices that may be required by law. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, "Lender" may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

12. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the

Page 3

event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument. 

13. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement.

EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

## BORROWER ACKNOWLEDGEMENT

Each of the Borrower(s) and the Lender acknowledge that no representations, agreements or promises were made by the other party or any of its representatives other than those representations, agreements or promises specifically contained herein. This Agreement, and the Note and Security Instrument (as amended hereby) set forth the entire understanding between the parties. There are no unwritten agreements between the parties.

All individuals on the mortgage, note and the property title must sign this Agreement.

_12/27/2016_  
Date

_[signature]_  
Andre Brevil

# LENDER ACKNOWLEDGEMENT
(For Lender's Signature Only)

Lender acknowledges that no representations, agreements or promises were made or any of its representations other than those representations, agreements or promises specifically contained herein. This Agreement, and the Note and Security Instrument (as amended hereby) set forth the entire understanding between the parties. There are no unwritten agreements between the parties.



**Loan Servicing**

_____
Authorized Officer

_____
Date



Page 6



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
Helping Homeowners is What We Do!™

We are here to help you!
Call toll-free (800) 746-2936
Mon - Fri 8:00am - 9:00pm, Sat 8:00am - 5:00pm
Sun 9:00am - 9:00pm ET



## LOSS MITIGATION ACCEPTANCE FORM
### REMEMBER TIME IS OF THE ESSENCE. PLEASE DON'T DELAY!

Based on the option(s) presented in this notice, please select the option you would like to accept. Check the desired option below, then sign and return this Loss Mitigation Acceptance Form.

You may only choose **one** option:

☑  I want to accept the Loan Modification Trial Period Plan offer.

☐  I want to reject all options in this notice.

IMPORTANT! You must SIGN and RETURN this form to confirm your selection by 12/21/2016.

FAILURE TO RETURN THE SIGNED FORM BY 12/21/2016 MAY BE DEEMED A REJECTION OF THE OFFER.

SIGN HERE → _/s/ Andre Brevil_  12/19/2016          SIGN HERE → _____  __/__/__
Andre Brevil      Date(MM|DD|YY)                                        Date(MM|DD|YY)

Sign and Return by Mail:



| Regular Mail |
| --- |
| Ocwen Loan Servicing, LLC |
| ATTN: Mortgage Assistance |
| 1661 Worthington Road, Suite 100 |
| West Palm Beach, Florida 33409 |

NMLS # 1852                                                                                                                                           CFPBIOARMM

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.